UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANGELO DOMINICO DAVIS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondents. | No.  2:13-cv-0967 DAD P<br><br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a federal prisoner proceeding pro se, has filed an application seeking relief pursuant to the All Writs Act, 28 U.S.C. § 1651.  (See Doc. Nos. 1, 3-4.)  Petitioner has paid the filing fee.

"The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996) (quoting Pennsylvania Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 43 (1985).  Pursuant to the All Writs Act, a writ of coram nobis "affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody" yet still suffers from "the lingering collateral consequences of an unconstitutional or unlawful conviction." Estate of McKinney v. United States, 71 F.3d 779, 781 (9th Cir. 1995); Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987).  To qualify for a writ of coram nobis, a

1

1  petitioner must show that a "more usual remedy is not available to him." Matus-Leva v. United
2  States, 287 F.3d 758, 760 (9th Cir. 2002). Moreover, as the Supreme Court has observed, "[a]s
3  we noted a few years after enactment of the Federal Rules of Criminal Procedure, 'it is difficult to
4  conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be
5  necessary or appropriate.'" Carlisle, 517 U.S. at 429 (quoting United States v. Smith, 331 U.S.,
6  469, 475 n. 4 (1947)). Similarly, a federal prisoner may not challenge a conviction or sentence
7  with a petition for audita querela when such a challenge is cognizable under 28 U.S.C. § 2255
8  because there is no "gap" to fill in post-conviction remedies. United States v. Valdez-Pacheco,
9  237 F.3d 1077, 1080 (9th Cir. 2001).

10       Here, petitioner is in federal custody and essentially claims in his pending application for
11  relief in this case that his underlying federal sentence "was imposed in violation of the
12  Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28
13  U.S.C. § 2255. Moreover, the court's own records reveal that petitioner is proceeding through
14  counsel on a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.
15  See Case No. 2:98-cr-0114 KJM DAD.[1] In this regard, petitioner's claim(s) that his conviction
16  and sentence violate the Constitution are clearly still cognizable under § 2255. For these reasons,
17  neither a writ of error coram nobis, nor a writ of audita querela, nor any other avenues of relief
18  under the All Writs Act are available to petitioner. If petitioner believes he has additional
19  grounds for relief that have not been raised in his § 2255 motion, he may seek advice from his
20  counsel about the merits of such additional grounds for relief and the advisability of seeking
21  further leave to amend his already amended § 2255 motion to include such additional grounds.

22       Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to
23  randomly assign a United States District Judge to this action.

24       IT IS HEREBY RECOMMENDED that:
25       1. Petitioner's application for a writ of habeas corpus be dismissed; and
26       2. This action be closed.

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1   These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
3 after being served with these findings and recommendations, petitioner may file written
4 objections with the court and serve a copy on all parties. Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that
6 failure to file objections within the specified time may waive the right to appeal the District
7 Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
8   In any objections he elects to file, petitioner may address whether a certificate of
9 appealability should issue in the event he files an appeal of the judgment in this case.
10 Dated: March 25, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

13 DAD:9
davi0967.156